## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| CHERISA T. LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA and the | ) | |
| | ) | |
| SMITH & NEPHEW, INC. GROUP LIFE | ) | |
| AND ACCIDENTAL DEATH AND | ) | |
| DISMEMBERMENT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Cherisa T. Lewis, for cause of action against Defendants, Unum Life Insurance Company of America ("Unum") and the Smith & Nephew Group Life and Accidental Death and Dismemberment Plan (the "Plan"), for their wrongful refusal to pay life insurance benefits due to her under an employee benefits plan and for Defendants' other violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), respectfully avers as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §§ 1001 *et seq.*, and the subject life insurance benefit plan constitutes a "plan under ERISA."

2. ERISA, at 29 U.S.C. § 1133, and the Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide for administrative or internal appeal of benefits denials.  Those avenues of

appeal have been exhausted, and this matter is now properly before this Court.

3.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4.      Plaintiff, Cherisa T. Lewis ("Ms. Lewis"), is a resident of Memphis, Shelby County, Tennessee.  Ms. Lewis is the widow of Mark T. Lewis ("Mr. Lewis"), who died on November 15, 2013.  Mr. Lewis was an employee of Smith & Nephew, Inc., in Memphis.

5.      Defendant Plan is an "employee welfare benefit plan" under ERISA, with an identification number of 502857 021 and/or 51-0123924, plan # 504.  The Plan may be served with process by serving the Plan Administrator and the named fiduciary for the Plan, Smith & Nephew, Inc., 1450 East Brooks Road, Memphis, TN 38116-1804.

6.      Defendant Unum is upon information and belief a corporation formed and existing under the laws of the State of Maine with its principal place of business located in the State of Maine at 2211 Congress St., Portland, ME 04122.  Unum may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1121.

7.      The Plan is funded by insurance issued by Unum under identification number 502857 021.  Unum serves as the claims fiduciary for the Plan and pays benefits under the Plan out of its own assets.

## FACTS

8.      Mark T. Lewis was employed by Smith & Nephew at the time of his death, was a participant in the Plan, and was covered by the life insurance policy that provides benefits under the Plan.

9.     After the death of her husband, Ms. Lewis timely filed an application for life insurance benefits under the Plan.

10.     Unum granted Ms. Lewis' claim.  A copy of Unum's April 17, 2014 letter to Ms. Lewis stating that she will receive payment for the group basic life insurance benefits is attached hereto as Exhibit 1 and incorporated herein.

11.     After granting Ms. Lewis' claim, Unum reneged and revoked its approval of Ms. Lewis' benefits claim and denied such claim.

12.     In accordance with the Plan's review procedures, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Ms. Lewis appealed her claim to Unum until exhausting the required Plan appeals.

13.     Upon information and belief, any purported grant of discretion in the Plan documents is not sufficient to grant discretion to the entity that made the decision to deny benefits.  Accordingly, the Court's standard of review is *de novo* under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

14.     The entity that denied benefits, Unum, was and is under a perpetual conflict of interest because the life insurance benefits sought by Ms. Lewis would have been paid out of Unum's own funds.

15.     Upon information and belief, the entity that made the decision to deny benefits, Unum, allowed its concern over its own funds to influence its decision-making.

### CAUSE OF ACTION AGAINST DEFENDANTS FOR LIFE INSURANCE PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

Plaintiff incorporates the preceding allegations as if fully stated herein and says further that:

16.     Under the terms of the Plan, Defendants agreed to provide Plan beneficiaries such as

3

Ms. Lewis with life insurance benefits if her spouse, a plan participant, died while covered by the Plan.

17.     Mr. Lewis, as an employee of Smith & Nephew, was covered and eligible under the Plan.

18.     Defendants failed to provide Ms. Lewis with life insurance benefits due to her under the terms of the Plan. This denial of benefits constitutes a breach of the Plan and a violation of ERISA.

19.     The decision to deny benefits was wrong under the terms of the Plan.

20.     The decision to deny benefits and the decision-making process were arbitrary and capricious.

21.     The decision to deny benefits was not supported by substantial evidence in the record.

22.     The decision-making process did not comport with 29 U.S.C. § 1133's requirements that any notice of denial must contain the specific reasons for such denial, be written in a manner calculated to be understood by the participant, and comport with the Department of Labor Regulations.

23.     The decision-making process did not provide a reasonable opportunity to Ms. Lewis for a full and fair review of the decision denying the claim, as required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

24.     The appellate procedures did not provide Ms. Lewis with a full and fair review.

25.     As ERISA fiduciaries, Defendants owed Ms. Lewis high fiduciary duties, such as an obligation of good faith and fair dealing, furnishing her with full and complete information, and conducting a decision-making process free of influence by self-interest and in the best interests of

4

plan participants and beneficiaries.

26.     Defendants violated their fiduciary duties to Ms. Lewis.  Defendants did not interpret the Plan in the best interests of Ms. Lewis.

27.     As a direct and proximate result of Defendants' conduct in failing to provide life insurance benefits and in failing to provide a full and fair review of the decision to deny benefits, Ms. Lewis has been damaged in the amount equal to the amount of life insurance benefits to which she would have been entitled to under the Plan, prejudgment interest, her reasonable attorney fees and costs, and such other relief that the Court determines is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cherisa T. Lewis, requests this Court grant her the following relief:

1.     That the Defendants be served with the Complaint and be required to timely respond thereto as required by the Federal Rules of Civil Procedure;

2.     A judgment in favor of Ms. Lewis against Defendants, jointly and severally;

3.     Damages to Ms. Lewis in the amount equal to the life insurance benefits due under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and/or other applicable provisions of law;

4.     Prejudgment and postjudgment interest;

5.     Ms. Lewis' reasonable attorney fees and costs pursuant to ERISA and applicable law; and

6.     Such other, further relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to her a copy of all ERISA records, plan documents, and the claims file.

This the 24th day of March, 2015.

Respectfully submitted,

**BOURLAND, HEFLIN, ALVAREZ,
MINOR & MATTHEWS, PLC**


BY:   s/ Kenneth P. Jones
Kenneth P. Jones (TN Bar No. 016168)
5400 Poplar Avenue, Suite 100
Memphis, TN 38119-3660
Telephone: (901) 683-3526
Facsimile: (901) 763-1037
Attorneys for Plaintiff, Cherisa T. Lewis
kenjones@bhammlaw.com

6